## Overseers of the Poor of Gregg Township, Plffs. in Err., *v.* Overseers of the Poor of Borough of New Berlin.

A pauper of unsound mind, but able to do some work, deserted by his father, was thrown upon the township of Gregg after he attained his majority, where he remained a charge. The father in the meantime acquired a settlement in the borough of New Berlin. *Held,* that the son was emancipated by his father's desertion, and that although the father acquired a new settlement in New Berlin after the son became a charge on Gregg, he was incapable of communicating it to the son, and that therefore the son should remain a charge upon Gregg, and not be removed to New Berlin.

(Argued May 3, 1887. Decided May 16, 1887.)

January Term, 1887, No. 55, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, and GREEN, JJ. Error to the Quarter Sessions of Union County to review a decree discharging, on appeal, an order for the removal of a pauper from Gregg Township to the Borough of New Berlin. Affirmed.

Plaintiffs below (overseers of New Berlin), *inter alia,* presented the following points:

1. That the settlement of the pauper is in the township of Gregg, and not in the borough of New Berlin.

*Ans.* Affirmed.

2. That the evidence shows clearly an emancipation of the pauper from the control of his father, and that he could not, under the evidence, obtain a settlement by derivation from his father.

*Ans.* Affirmed.

Defendants (overseers of Gregg), *inter alia,* presented the following points:

2. That the pauper, Mathias Bird, was an idiot at the time of birth, and continues *non compos mentis* to the present day.

Cited in Damascus v. Buckingham, 1 Lack. Legal News, 26, 3 Pa. Dist. R. 744.

NOTE.—For the settlement of unemancipated children, and of those incapable of self-support, see note to Poor District v. Poor District, *ante,* 536.

*Ans.* We do not find from the evidence that the pauper was an idiot at the time of his birth. "An idiot is a person who has been without understanding from his nativity, and whom the law therefore presumes never likely to attain any." Shelford, Lunatics, 2.

We find that the pauper had some understanding, but was of unsound mind from his birth and still remains so.

3. The counsel for the defendants ask the court to rule that the pauper (being an idiot from his birth, and so at twenty-one years of age, and continuing so to the present day) could acquire no other residence than that of his father, which was at New Berlin.

4. To adjudge that the residence of the pauper, Mathias Bird, is at New Berlin, and that he was properly removed to said district.

5. That the appeal of the plaintiffs be dismissed and the order of removal be confirmed, and the plaintiffs ordered to pay defendants' costs and charges, and such moneys as they have expended in the support of said pauper.

Third, fourth, and fifth points are refused for the reasons given in the opinion filed.

Further facts are stated by BUCHER, J., who delivered the following opinion in the court below:

The facts of this case are few and comparatively free from all dispute. We group them together, as found from the evidence, thus:

1. The pauper, Mathias Bird, is about fifty years of age and is the son of William Bird, now dead. The father had a settlement in Lycoming county in 1857, which he communicated to his pauper son. In that year the father killed a man in Lycoming county, was arrested, tried for murder, and acquitted. The mother of the pauper had died previously to this. After the acquittal the father abandoned his family, including his pauper son, and the latter became a charge on the part of Brady township, Lycoming county, which has since become the township of Gregg, in Union county.

The township of Gregg maintained the pauper for twenty-six years and upwards, until this controversy began in December, 1884. The father, after deserting the pauper, went west, where he remained until about 1865, when he returned to Union coun-

ty, Pennsylvania, and took up his residence in the borough of New Berlin.

2. The pauper was of unsound mind from his youth up, and, although a charge on the township of Gregg, was able to maintain himself by the labor of his hands, and did so, the authorities of the township hiring him out to service as a farm laborer. The father, on his return from the west, remained in New Berlin, where he was assessed with his proportion of the public levies or taxes and paid the same for two years in succession, to wit, in the years 1876 and 1877. In the year 1873 or 1874 he purchased real estate from Dr. Wilson under articles, paid a portion of the purchase money and dwelt upon the same more than a whole year. He failed to pay the entire purchase money; never received a conveyance for the property, and after his death the heirs of Dr. Wilson assumed the ownership and control of the real estate. .

3. The pauper did not become an inmate of his father's house at New Berlin, but remained a charge in Gregg township, from the time his father deserted him in 1857 or 1858 until the order of removal in dispute was issued in 1884, to remove him to New Berlin.

The contention of Gregg township, under these facts, is that the father acquired a settlement in New Berlin, which he communicated to the son, and that the pauper has, therefore, a settlement in New Berlin. The borough of New Berlin denies this, and thus the question for solution arises.

We have, then, a pauper of unsound mind, deserted by his father, thrown upon the township after he attained his majority, where he remained a charge until the controversy began. The father, in the meantime, acquired a settlement in New Berlin, which Gregg township insists was communicated to the son, although he had never resided with the father there, and was not dependent upon him for support.

Washington v. Beaver, 3 Watts & S. 548; Shippen v. Gaines, 17 Pa. 38, and kindred cases are relied upon to sustain this contention. They decided that children are not to be considered as emancipated at the age of twenty-one years, who are compelled to remain longer with their parents on account of some infirmity of body or mind, which renders them incapable of taking care of themselves. In the case in hand this relationship was disrupted in 1857 or 1858, when the father deserted the son and he became a charge on the township of Gregg.

It was distinctly decided in Washington Twp. v. East Franklin Twp. 3 Pennyp. 107, that, where a female child living with her father became insane at eighteen years, and at the age of twenty-three was charged as a pauper on the township in which she then lived, his subsequent removal to another township did not affect her status as a pauper, nor make her chargeable on the township to which he removed, and in which he acquired a new settlement.

That case is decisive of the question before us.   It does not stand alone; but is sustained by Penn Twp. v. Selinsgrove, decided by myself and affirmed at the last session of the supreme court at Philadelphia, 2 Sad. Rep. 465.   We there distinctly held: first, that a pauper fastened upon one district could not acquire a new settlement in another so long as the relationship existed; second, that the separation of the pauper from her father by reason of her removal from his home by the overseers of the poor was equivalent to an emancipation.

In support of the first proposition we have Lewisburg v. Milton, decided by myself and affirmed by the supreme court, No. 202, May term, 1879; East Sudbury v. Waltham, 13 Mass. 460; East Sudbury v. Sudbury, 12 Pick. 1; Brewster v. Dennis, 21 Pick. 233; West Newbury v. Bradford, 3 Met. 428; Taunton v. Middleborough, 12 Met. 35; Oakham v. Sutton, 3 Met. 192; Garland v. Dover, 19 Me. 441; Croydon v. Sullivan County, 47 N. H. 179; Wilmington v. Somerset, 35 Vt. 232.

To sustain the second proposition we have Washington Twp. v. East Franklin Twp. 3 Pennyp. p. 107, and Penn v. Selinsgrove, 2 Sad. Rep. 465.   The facts in the latter are on all fours with the present one.   There the pauper became chargeable on Penn township and was taken care of by the overseers of the poor and partially maintained by them, and, although she accompanied her father to Selinsgrove as a member of his family, where he acquired a settlement, yet he was powerless to communicate it to her.   So here [although the father acquired a new settlement in New Berlin after the son became a charge on the township of Gregg, yet he is incapable of communicating it to him, because the status of the son was fixed when he became a charge on Gregg and was equivalent to emancipation, and because his status as a pauper of Gregg disqualified him from obtaining a settlement in New Berlin while that relation existed.]

And now, to wit, September 20, A. D. 1886, appeal sustained,

order of removal discharged, and it is ordered that Gregg township pay to the borough of New Berlin the costs and charges incurred on account of the removal and maintenance of the said pauper, together with the costs of the proceedings.

The plaintiffs took no exceptions to the opinion of the court nor to the answers to the points presented. The assignments of error specified the portion of the opinion inclosed in brackets, answers to the points above set out, and the action of the court in sustaining the appeal.

*J. Merrill Linn,* for plaintiffs in error.—I. The pauper was an idiot, of unsound mind from his birth, never acquiring sufficient understanding to conduct the ordinary affairs of life, always under tutelage. Shelford, Lunatics, 2, 3, 6.

II. The last settlement of the father, while the family were together, was in Brady township, Lycoming county.

III. The court finds that then he deserted his family.

IV. The court finds that he afterwards acquired a settlement in New Berlin and died there, never looked after his family, but abandoned them to the end.

V. A man may gain a new settlement by residence and paying taxes, notwithstanding the fact that during the same time his wife, whom he had abandoned, was receiving relief as a pauper in the district of his former settlement. Scranton Poor District v. Danville, 106 Pa. 446.

This case is authoritatively ruled by the case of Montoursville v. Fairfield Twp. 112 Pa. 99, 3 Atl. 862.

A minor upon attaining majority may acquire a settlement, unless of unsound mind. This rule that the child becomes emancipated at the age of twenty-one years is held not to be true where the child is of unsound mind before arrival at majority. So also by Scranton Poor District v. Danville, 106 Pa. 446, where the father had abandoned his family.

*Dill & Beale,* for defendants in error.—"A man is not an idiot if he hath any glimmering of reason." 2 Bl. Com. 304.

The desertion by the father of his son in 1858 and the fact that the son never afterwards became a member of his family make it impossible for the son to acquire a settlement, by relation to his father, in the borough of New Berlin. Toby Twp.

v. Madison Twp. 44 Pa. 60, and cases cited in opinion; Washington Twp. v. East Franklin Twp. 3 Pennyp. 107.

A pauper fixed on one township cannot acquire a new settlement in another so long as such relationship exists, and the existence of such a relation is equivalent to emancipation and the pauper can acquire no rights by derivation from the father. Penn Twp. v. Selinsgrove, 2 Sad. Rep. 465.

PER CURIAM:

We have examined this case and find no error in the findings and conclusion of the court. The merits of the case are such that it may readily be affirmed. If it was not so, absence of exceptions might compel us to quash the writ.

Judgment affirmed.